**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Rodolfo Manuel LUMBRERAS–
LINERAS, Defendant–
Appellant.**

No. 05–40747.

United States Court of Appeals,
Fifth Circuit.

April 16, 2007.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, H. Michael Sokolow, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before JONES, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

*ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES*

PER CURIAM: *

This court previously affirmed the conviction and sentence of the Appellant Rodolfo Manuel Lumbreras–Lineras ("Lineras"). On December 11, 2006, the Supreme Court vacated and remanded the case for reconsideration in light of *Lopez v. Gonzales,* —— U.S. ——, 127 S.Ct. 625, 166 L.Ed.2d 462 (2006).

In light of *Lopez,* the district court erred by enhancing Lineras's sentence based on a Texas conviction for possession of marijuana. Because Lineras has completed the confinement portion of his sentence, any argument that the prison term should be reduced is moot and the only portion of the sentence remaining for consideration is the defendant's term of supervised release.

However, as the Federal Public Defender notes, Lineras presumably has been deported. In order to resentence him and reduce his term of supervised release, FEDERAL RULE OF CRIMINAL PROCEDURE 43 requires the defendant to be present and have the opportunity to allocute. Because the defendant has been deported and is legally unable, without permission of the Attorney General, to reenter the United States to be present for a resentencing proceeding, there is no relief we are able to grant Lineras and his appeal is moot. *See United States v. Rosenbaum–Alanis,* 483 F.3d 381 (5th Cir.2007). The appeal is therefore **DISMISSED.**

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.